# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TODD TOOLEY,

     Plaintiff,

v.

VICTOR DICKERSON, et al.,

     Defendant.

Case No. 2:25-cv-00855-GMN-NJK

**Order**

[Docket No. 14]

Pending before the Court is a stipulation to extend case management deadlines. Docket No. 14.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

This is the parties' second request for an extension of case management deadlines. Docket No. 14; *see also* Docket No. 11. The parties request a 60-day extension of the remaining deadlines. *See* Docket No. 14. However, the parties have not demonstrated diligence in conducting discovery since their previous request for an extension. *Compare id.* at 1-2 *with* Docket No. 11 at 1-2. Since the previous request, 77 days ago, the parties completed four depositions in November and have not completed any further discovery since. *Id.* Further, the parties fail to provide any reasons why they did not attempt to obtain the remaining medical and employment records in advance of the discovery cutoff. *See* LR 26-3(c). This is the second extension request in which the parties submit that "there is excusable neglect in filing this stipulation less than 21 days before close of discovery because the parties initially believed there would be sufficient time to obtain the records and documents during the discovery period." Docket Nos. 11 at 3, 14 at 3. Additionally, needing additional time to obtain necessary information does not establish good cause for the extension sought. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1180 (D. Nev. 2022)) Therefore, the parties fail to support their request with a showing of good cause.

Nonetheless, in an effort to resolve this case on its merits, and as a one-time courtesy to the parties, the Court will afford the parties a 30-day extension of the subject deadlines. Accordingly, the Court **GRANTS in part** and **DENIES in part** the parties' stipulation. Docket No. 14. Case management deadlines are **RESET** as follows:

- Discovery cutoff:  March 2, 2026
- Dispositive motions:  April 1, 2026

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

- Joint proposed pretrial order:  May 1, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 27, 2026

_____
Nancy J. Koppe
United States Magistrate Judge